UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC SAYLES,

    Plaintiff,

    v.                                   CAUSE NO. 3:22-CV-983-DRL-MGG

LAPORTE JAIL MEDICAL, CHERYL,
and MEGAN,

    Defendants.

OPINION AND ORDER

Eric Sayles, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Sayles' complaint concerns the medical care he received from Nurse Megan at the LaPorte County Jail, where he is serving a criminal sentence.[1] He complains generally

---

[1] The court is permitted to take judicial notice of public records in determining whether the complaint states a claim. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). Here, state court records show that Mr. Sayles was sentence to a term of confinement at the county jail on February 9, 2022. *See Indiana v. Sayles*, No 46C01-2103-F6-000348 (LaPorte Cir. Ct. decided Feb. 14, 2022), *available at* mycase.in.gov.

that she treats him like he is "contagious," trying to avoid touching him whenever possible. ECF 1 at 2, ECF 1-1 at 1. In particular, he singles out the way she provided wound care over a weekend in October 2022, when she was the only nurse on duty. He alleges that starting on October 27, 2022, a doctor ordered that an open wound he had receive daily cleaning and dressing changes. But on October 29 and October 30, Nurse Megan changed the bandage but did not also clean the wound. It was only on October 31 that Nurse Tina returned and did as the doctor ordered by dressing and cleaning his wound. Mr. Sayles alleges he received inadequate care because he was discriminated against on the basis of an unspecified "health situation." ECF 1 at 3. He does not identify any injury from the alleged lapse in care.

Because Mr. Sayles is serving his sentence, the Eighth Amendment applies to his claim. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability for claims of inadequate medical care, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, "conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at

2

serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Additionally, inmates are "not entitled to demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. In effect, the Eighth Amendment "protects prisoners from . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Here, Mr. Sayles plausibly alleges that he had an objectively serious medical need. His complaint states that a doctor ordered that his wound be cleaned and dressed, satisfying the first prong. However, Mr. Sayles' complaint does not plausibly allege that Nurse Megan or anyone else was deliberately indifferent to that need. He is unsatisfied with how Nurse Megan carried out the doctor's orders, but nothing in the complaint suggests that her actions amounted to more than negligence. In addition, Mr. Sayles does not allege that he was harmed by the two days of allegedly substandard care. A necessary element of a constitutional tort is "that the officer's act . . . caused any injury." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012); *see also Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) ("[T]here is no tort—common law, statutory, or constitutional—without

an injury, actual or at least probabilistic."). Unprofessional behavior, without more, does not violate the Eighth Amendment.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Sayles may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Eric Sayles until **May 12, 2023**, to file an amended complaint; and

(2) CAUTIONS Eric Sayles if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 7, 2023                                                    *s/ Damon R. Leichty*
                                                                          Judge, United States District Court